#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-CR-00028-JED |
| v. ) | |
| ) | |
| LORELL ANTONIO BATTLE, ) | |
| a/k/a "Lorrel Battle", ) | |
| a/k/a "Lorel Rufus Battle", ) | |
| a/k/a "Rufus Battle", a/k/a "Rufus", ) | |
| a/k/a "Hundred", a/k/a "West", ) | |
| a/k/a "Wes", ) | |
| PAUL EDWARD BATTLE, ) | |
| a/k/a "P-Wes", ) | |
| THOMAS LAYEFFETTA ) | |
| JACKSON, ) | |
| GAYWONE DEKEITH BLADES, ) | |
| a/k/a "Junior Blades", ) | |
| a/k/a "Lil Gator Blades", ) | |
| a/k/a "Kawone Blades", ) | |
| a/k/a "Kawone Shills", ) | |
| a/k/a "Gaywone Shills", ) | |
| a/k/a "Kawone Shields", ) | |
| a/k/a "Baby West Blades", ) | |
| a/k/a "Gator", a/k/a "Lil West", ) | |
| ) | |
| Defendants. ) | |

#### OPINION AND ORDER

The Court has for its consideration defendant Thomas L. Jackson's Motion to Dismiss Due to Denial of Speedy Trial (Doc. 79). Mr. Jackson, by his counsel, argues that the charges against him should be dismissed because his rights under the Speedy Trial Act and Sixth Amendment have been violated. The government has filed a sealed response (Doc. 82), which disputes that any such violation has occurred. The defendant filed a reply brief (Doc. 83) on November 7, 2013, and thereafter a hearing was held on that date.

## I. BACKGROUND

This case is procedurally complex. On February 5, 2013, Lorell Battle, Paul Battle and Thomas Jackson were charged by sealed indictment in this case with six federal offenses, including: Conspiracy; Possession with Intent to Distribute Cocaine and Cocaine Base; Maintaining Drug Involved Premises; and Felon in Possession of a Firearm. The sealed indictment also contains narcotics and firearms related forfeiture allegations. On April 12, 2013, the government filed a complaint in a new case (Case No. 13-MJ-97-TLW), charging defendants Lorell Battle, Gaywone Blades and Thomas Hunter, III with drug conspiracy and firearms-related charges. On May 8, 2013, the Grand Jury returned an Indictment in Case No. 13-CR-99-JED, which asserts charges against Lorell Battle and Gaywone Blades. Two weeks later, on May 22, 2013, the Indictment in this case was unsealed. On June 5, 2013, the Grand Jury returned a Superseding Indictment in this case (13-CR-28), which supplemented the charges against Lorell Battle, Paul Battle, and Thomas Jackson, and added charges against Gaywone Blades. In essence, the June 5, 2013 Superseding Indictment incorporated the allegations contained in Case No. 13-CR-99-JED into Case No. 13-CR-28-JED, and the Indictment in 13-CR-99-JED was dismissed by this Court on June 11, 2013 on motion by the government. The Superseding Indictment also alleges that the conspiracy began as early as April 2011 and is continuing.

Following the filing of the Superseding Indictment, the government filed a sealed motion for continuance, requesting that the Court declare this a complex case under § 3161(h)(7)(A) of the Speedy Trial Act. To that end, the government requested that the deadline for the filing of pretrial motions be extended by six months and that the government be allowed at least 30 days to respond to any defense motions. The government represented at that time that the motion was

unopposed by counsel for defendants Lorell Antonio Battle and Gaywone Dekeith Blades, and that counsel for Lorell Battle also joined in the motion.[1]

The government represented that it, as well as counsel for the defendants, would need additional time to review the discovery materials as they become available and to adequately prepare for trial. More specifically, the government represented that it had already produced approximately 1,000 pages of discovery and expected to produce approximately 5,000 additional pages of documents in discovery, including transcripts of jail telephone calls and telephone toll information. This discovery included approximately 60 recorded conversations which total at least 20 hours. The government noted that it will take hundreds of hours of work to transcribe these conversations. Further, the government anticipated that it would produce approximately 1,000 additional pages of discovery, including Grand Jury material – the total amount of discovery was anticipated to be approximately 7,000 pages.

On July 16, 2013, the Court entered a Sealed Opinion and Order (Doc. 42), granting the requested continuance. Therein, the Court found that, given the number of defendants, the voluminous discovery and the ongoing nature of the government's investigation (which raised the specter that the Superseding Indictment might well be further superseded), this case was sufficiently complex as to warrant an ends-of-justice continuance.[2] Additionally, the Court

---

[1] At the time the government's motion for continuance was filed, defendants Thomas Layeffetta Jackson and Paul Edward Battle had not yet had their initial appearances or arraignments as to the Superseding Indictment. Thomas Jackson did not make an initial appearance until July 26, 2013. Defendant Paul Battle remains on a State of Oklahoma Writ in Creek County, Oklahoma, and has not yet had his initial appearance. No attorney has entered an appearance on behalf of Paul Battle as of this time. However, the government's motion for continuance stated that Paul Battle is represented by Stephen J. Greubel and that Mr. Gruebel joined in the government's request for a continuance.

[2] Indeed, the government filed a Second Superseding Indictment (Doc. 52) on August 12, 2013, and a Third Superseding Indictment (Doc. 65) on October 17, 2013, each of which contained

found that, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii), it would be unreasonable to expect counsel to conduct pretrial preparations or adequately prepare for the trial itself within the time limits set forth in the Speedy Trial Act. A new scheduling order (Doc. 43) was entered, which set the trial of this matter for April of 2014.[3]

As noted, since the Court's extension of the current schedule, the government has filed a Second Superseding Indictment (Doc. 52) and a Third Superseding Indictment (Doc. 65).

## II. DISCUSSION

### A. Speedy Trial Act

Mr. Jackson argues that the charges against him should be dismissed because the current April, 2014 trial setting would exceed the 70-day clock under which he must be brought to trial under the Speedy Trial Act. Specifically, he argues that the Court's July 16, 2013 finding that this case is complex and warrants an ends of justice continuance does not apply to him because it occurred prior to his initial appearance in this matter, on July 26, 2013.

Mr. Jackson's contention is without merit. As discussed above, the Court determined that this matter is complex and that in the ends of justice, the resulting delay is excludable time under the Speedy Trial Act. Based upon that finding, the Court found that the time between the Court's finding of complexity, July 16, 2013, and the April 21, 2014 trial date is excludable. "The Act generally treats excludable delays 'attributable to one defendant ... [as] applicable to all

---

additional allegations as compared to the original Superseding Indictment, but did not added any new defendants.

[3] The Court's Sealed Opinion and Order further stated that the time between June 5, 2013, and April 21, 2013 was excludable under the Speedy Trial Act. This finding was incorrect as the proper timeframe of excludable time is July 17, 2013 (the day after entry of the opinion) and April 21, 2014. *See United States v. Williams*, 511 F.3d 1044, 1055-56 (10th Cir. 2007). The Court's finding in the Sealed Opinion and Order is hereby amended to reflect the proper timeframe of excludable time.

4

co-defendants.'" *United States v. Martino*, 564 F. Supp. 2d 1268, 1271 (D. Kan. 2008) (quoting *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 915 (10th Cir.1989), *cert. denied*, 493 U.S. 1043 (1990)).  Specifically, under 18 U.S.C. § 3161(h)(6), "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" is excludable.  The time for trial as to Lorell Battle and Gaywone Blades, who both appeared in this matter before Mr. Jackson, will not have run prior to the April 2014 trial date as a result of the Court's finding of complexity.  No severance has been granted in this case and defendant Jackson has not requested severance.  Accordingly, the period of excludable time resulting from the Court's complexity determination applies with equal force to Mr. Jackson under § 3161(h)(6).  *See United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) ("The obvious purpose behind the exclusion [in § 3161(h)([6])] is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.") (quoting *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986)).

In addition, Mr. Jackson cites absolutely no authority for his contention that the Court's complexity determination should not apply to him with equal force because he did not have the opportunity to approve of or have input with respect to the continuance.  Nor has the Court found any authority of this kind.  Certainly, Mr. Jackson's initial appearance in this case on July 26, 2013 – 10 days after the filing of the sealed continuance order – does not render the case *less* complex.  To the contrary, it *adds* to the complexity.  At the hearing on the motion, Mr. Jackson's counsel urged that, if the Speedy Trial Act does not provide relief in this situation, a change in the law may be in order.  However, it is not the duty of this Court to substitute its judgment or anyone else's where Congress has clearly spoken on an issue.  The Court is bound

5

by the plain language of the Speedy Trial Act and, in the context of Mr. Jackson's motion, that most certainly includes § 3161(h)(6). As such, the Court hereby finds that its determination of complexity warranting an ends of justice continuance applies with equal force to Mr. Jackson.[4]

### B. Sixth Amendment

As a secondary argument, Mr. Jackson contends that the delay in this case has violated his Sixth Amendment right to a speedy trial. The Tenth Circuit has established the following standard relative to such Sixth Amendment claims:

> In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Lugo*, 170 F.3d 996, 1002 (10th Cir.1999). "None of these factors, taken by itself, is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *United States v. Gomez*, 67 F.3d 1515, 1521 (10th Cir.1995) (quotation omitted).

*United States v. Abdush-Shakur*, 465 F.3d 458, 464 (10th Cir. 2006). "It is unusual to find a Sixth Amendment violation when the Speedy Trial Act has been satisfied." *Id.* at 465 (citing *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002)). "[T]o trigger a speedy trial

---

[4] In the November 7, 2013 hearing on Mr. Jackson's motion, his counsel argued that the government had also violated § 3161(j)(1). This section provides that "[i]f the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly-- (A) undertake to obtain the presence of the prisoner for trial; or (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial." 18 U.S.C. § 3161(j)(1). Despite Mr. Jackson's claims to the contrary, the government demonstrated that a detainer (filed as Government's Exhibit 1) for Mr. Jackson was indeed filed and signed by Mr. Jackson on April 9, 2013. Hence, § 3161(j)(1) appears to have been satisfied. Even had § 3161(j)(1) been violated, the remedy of dismissal of the indictment would not be available to Mr. Jackson. *See, e.g., United States v. Cone*, 310 F. App'x 212, 215 (10th Cir. 2008) ("We need not decide whether the government violated § 3161(j) because the Speedy Trial Act simply does not provide for dismissals for violations of its terms.").

analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010) (quoting *United States v. Seltzer*, 595 F.3d 1170, 1176 (10th Cir. 2010)); *see also Abdush-Shakur*, 465 F.3d at 465 ("We need only inquire into the other factors if the period of delay is 'presumptively prejudicial.'") (internal quotation and citation omitted). "Generally, delays approaching one year are presumptively prejudicial." *Larson*, 627 F.3d at 1208 (citations omitted); *see also Abdush-Shakur*, 465 F.3d at 465 (noting that an eleven-month delay would not be presumptively prejudicial, but that a fourteen-month delay might be).

Here, Mr. Jackson was accused on February 5, 2013, through the filing of a sealed indictment. However, his Sixth Amendment speedy trial right was not triggered until that indictment was unsealed on May 22, 2013. *See United States v. Hay*, 527 F.2d 990, 994 (10th Cir. 1975) ("We do not include the time from appellant's indictment to his arrest because appellant was not available for prosecution and because none of the interests protected by the sixth amendment guarantee were endangered during this time."). As such, the relevant period of purported delay at issue here is May 22, 2013 to the current trial date of April 21, 2014. This delay of approximately eleven months is not presumptively prejudicial under Tenth Circuit precedent. *See Abdush-Shakur*, 465 F.3d at 465; *see also United States v. Gomez*, 67 F.3d 1515, 1523 (10th Cir. 1995) (twelve and one-half month delay not prejudicial). Accordingly, the delay does not constitute a Sixth Amendment violation and no further inquiry is necessary.

**IT IS THEREFORE ORDERED** that Thomas L. Jackson's Motion to Dismiss Due to Denial of Speedy Trial (Doc. 79) is **denied**.

7

**SO ORDERED** this 8th day of November, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE